**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| KATHLEEN L. WATTS, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TROY E. MEINK, SECRETARY, U.S. DEP'T OF THE AIR FORCE,<br><br>Defendant. | ) | Case No. 1:25-cv-01093 (MSN-IDD) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5, Defendant, through his undersigned counsel, hereby respectfully submits this memorandum of law in support of his motion to seal portions of his Reply Memorandum of Law in Support of His Motion for Summary Judgment, as that memorandum relies upon and quotes from information in the sealed administrative record and sealed supplemental administrative record.

## INTRODUCTION AND BACKGROUND

In this class action, Plaintiffs challenge the method by which the U.S. Air Force refers service members for eligibility for separation or retirement due to disability. *See generally* Compl. (Dkt. 1); *see also* Order (Dkt. 45) (certifying class).

The Secretaries of the Military Departments may discharge or separate those service members deemed to be "unfit" to perform their assigned duties due to physical or mental disability. *See generally* 10 U.S.C § 1201 *et. seq*. Congress directed the Department of Defense ("DoD") to establish "a system or process . . . for evaluating the nature and extent of disabilities affecting members of the Armed Forces" and, if determined to have a disability, whether such disability impairs the service member

from performing the duties of his or her office, grade, rank, or rating. Nat'l Def. Authorization Act for Fiscal Year 2088, Pub. L. No. 110-181, 122 Stat. 432. DoD has implemented this Congressional directive via Department of Defense Instruction ("DoDI") 1332.18, which establishes the Integrated Disability Evaluation System ("IDES"). IDES "is the mechanism for determining fitness for duty because of a disability, and whether a Service Member . . . found unfit for duty due to disability will be separated or retired." "DoDI 1332.18 ¶ 1.2a. DoDI 1331.18 empowers the Secretary of the relevant Military Department to refer service members who meet the listed criteria for disability evaluation. *Id.* ¶ 5 (Referral). To standardize its referral process, the Secretary of the Air Force promulgated Department of Air Force Manual ("DAFMAN") 48-108. DAFMAN 48-108 ¶ 1.1. It is the referral process established by DAFMAN48-108 that Plaintiffs, on behalf of a class, challenge here.

Defendant moved to seal the administrative record of the three named Plaintiffs, on the basis that the administrative record contained detailed information about each of their medical histories. Dkts 29, 30. The Court granted that motion. Dkt. 33. After this Court certified a class in this case, Defendant sought time to supplement the administrative record. *See, e.g.*, Dkts. 49, 51. Defendant identified four individuals who are part of the class yet were not referred to the DES for various reasons. Defendant supplemented the administrative record to include documents related to those four individuals. Because the supplementation contains information about these absent class members' medical histories and personnel records, Defendant moved to seal the supplemental administrative record. Dkts. 54, 55. The Court granted that motion as well. Dkt. 61. Accordingly, all of the factual information in this case about the named class representatives and other Air Force service members in the case is under seal.

To support his motion for summary judgment, Defendant filed an accompanying memorandum of law. That memorandum, understandably, relies on the factual information found in the sealed administrative record and the sealed supplemental administrative record. Considering this,

and recognizing that the medical and personnel information files of those service members remain under seal in light of this Court's prior orders, Defendant moved to seal portions of his Memorandum of Law in Support of His Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment. Dkt. 75. The Court granted that motion. Dkt. 80. Defendant now moves to seal portions of his Reply Memorandum of Law in Support of His Motion for Summary Judgment that rely on the sealed administrative and sealed supplemental records.

**ARGUMENT**

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Each of the above factors is satisfied by the circumstances here. With respect to the first *Ashcraft* factor—requiring public notice and opportunity to comment—Defendant has provided public notice of his request to file certain materials under seal. As stated in the notice, any interested member of the public and any other party may indicate their position on the motion.

With respect to the second and third *Ashcraft* factors, sealing portions of Defendant's reply memorandum in support of summary judgment is the least drastic alternative to protecting the class

members' medical and personnel information—especially when the Court is previously ordered that such information shall remain under seal. Dkts. 33, 61, 80. Considering that Courts routinely seal medical records, as well as this Court's prior orders, an effort should be made to shield disclosure of that medical information. *See, e.g.*, *Peppers v. Moubarek*, 2020 WL 263491, at *2 (D. Md. Jan. 17, 2020); *Laschkewitch v. Lincoln Life & Annuity Distributors, Inc.*, 47 F. Supp. 3d 327, 331 (E.D.N.C. 2014); *Green v. Gap, Inc.*, 2013 WL 12151446, at *2 (E.D. Va. May 21, 2013). However, recognizing that significant portions of Defendant's reply memorandum make no reference to or do not rely upon the sealed administrative record or sealed supplemental administrative record, targeted redaction is appropriate. Defendant can isolate those portions of his memorandum which do not reveal any individualized facts concerning the service members and the remaining portions of the memorandum may be available to the public.

In light of the above, Defendant therefore requests that the Court seal portions of his memorandum.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court seal portions of his Reply Memorandum of Law in Support of His Motion for Summary Judgment.

Dated: July 24, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

*By:* /s/
MEGHAN E. LOFTUS
MATTHEW J. MEZGER
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3757/3741
Fax: (703) 299-3983
Email: Meghan.Loftus@usdoj.gov
Matthew.Mezger@usdoj.gov

*Counsel for Defendant*