**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| KATHLEEN L. WATTS, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TROY E. MEINK, SECRETARY, U.S. DEP'T OF THE AIR FORCE,<br><br>Defendant. | ) | Case No. 1:25-cv-01093 (MSN-IDD) |

**DEFENDANT'S UNOPPOSED MOTION FOR CLARIFICATION OF THE SUMMARY JUDGMENT ORDER**

Defendant, through his undersigned counsel, respectfully seeks clarification of the Court's Order granting summary judgment in part to Defendant and granting summary judgment in part to Plaintiffs, Dkt. 96. Good cause exists as follows:

1. On August 7, 2026, this Court entered an Order granting Plaintiffs' motion for summary judgment in part and granting Defendant's motion for summary judgment in part. Dkt. 96.

2. As part of that Order, the Court noted that it was made "[u]pon consideration of the motions and for the reasons stated in open court." Dkt. 96. Relevant to this motion, the Court held from the bench that "the Air Force's pre-IDES system is arbitrary, capricious, and contrary to law." Tr. 35 at 15-16. More specially, the Court concluded that the Air Force's policy was "an attempt to comply with 1332.18, Section 4.2 in letter, but not in any meaningful sense." Tr. 36 at 16-17. It is plain then, from undersigned counsel's review of the transcript, that the Court held that the Air Force's pre-IDES system is contrary to certain provisions DoDI 1332.18.

3. Less clear to undersigned counsel, upon review of the transcript, is whether the Court concluded that the Air Force's pre-IDES system is contrary to any statutory provision.[1] As such, further considering that the Court did not reference any statutory provision in its ruling, Defendant respectfully seeks clarification as to whether the Court has also held that the Air Force's pre-IDES process violates any statutory provision, and if so, which statutory provision.

4. Defendant has conferred with Plaintiffs regarding this motion and Plaintiffs' response was that they would not oppose the motion provided that undersigned counsel represented their position. Plaintiffs' position is as follows: "Our position is that the Court already ruled that the pre-IDES process violates both the statute and the regulations, specifically Sections 1602 and 1612 of 10 U.S.C. § 1071 and DODI 1332.18."

5. Defendant seeks this clarification as it will become relevant to the matter of remedies.

6. Defendant respectfully waives hearing on this matter.

[1] *See, e.g.*, Hr'g Tr. at 35 ("As to plaintiffs' APA challenge, the Court agrees that the Air Force's pre-IDES system is arbitrary, capricious, and contrary to law. The Air Force is bound to follow the regulations of the Department of Defense as to the Disability Evaluation System.").

Dated: August 28, 2026

Respectfully submitted,

TODD W. BLANCHE
Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

*By:* ___/s/___

MEGHAN E. LOFTUS
MATTHEW J. MEZGER
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3757/3741
Fax: (703) 299-3983
Email: Meghan.Loftus@usdoj.gov
Matthew.Mezger@usdoj.gov

*Counsel for Defendant*